UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MILTON CRUZ JUC,

        Petitioner,

v.

        Case No. 3:26-cv-1042-MMH-PDB

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

        Respondents.

_____

## **ORDER**

Petitioner Milton Cruz Juc, an immigration detainee, is proceeding through counsel on a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition).[1] Juc is a citizen of Guatemala who entered the United States as an unaccompanied minor without inspection in 2016. Petition at 4. On March 14, 2026,[2] local law enforcement detained Juc during a traffic stop and contacted immigration authorities. Id. United States

---

[1] Juc also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). On May 5, 2026, the Court granted in part Juc's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through May 19, 2026. See Temporary Restraining Order (Doc. 5). The Court also notified the parties that it would consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

[2] In the Petition, Juc states local law enforcement stopped him in March 2025 2025. Petition at 4. This appears to be a scrivener's error. See Doc 8-1 (Notice to Appear dated March 16, 2026).

Immigration and Customs Enforcement (ICE) took custody of Juc and served him with a Notice to Appear. Id. Juc raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 19–20.

Respondent Warden filed a Motion to Dismiss (Doc. 7), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 8; Response) asserting that they are now detaining Juc under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

Juc filed a counseled Reply (Doc. 9; Reply). He asks the Court, among other things, to accept the Federal Respondents' concession that he is entitled to a bond hearing and direct that he be afforded an individualized bond hearing within seven days. Reply at 2.

When Juc was detained in March 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration

2

detention that Congress preserved in the Immigration and Nationality Act).
Accordingly, it is

**ORDERED**:

1.      Juc's Verified Petition for Writ of Habeas Corpus Pursuant to 28
U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without
an individualized bond hearing violates the Immigration and Nationality Act.[3]
Within **seven days** of this Order, Respondents shall either afford Juc an
individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.
If Respondents release Juc, they shall facilitate his transportation from the
detention facility by notifying his counsel when and where he can be collected.

2.      Juc's request for a preliminary injunction (Doc. 2) is **DENIED as
moot**.

3.      Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See,
e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5
(M.D. Fla. Apr. 21, 2026).

---

[3] Because the Court finds that Juc is entitled to relief on his assertion that
Respondents violated the Immigration and Nationality Act, the Court need not
address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10
(2004) (declining to address an additional claim in a habeas petition after granting
relief on another claim because "any relief [petitioner] could obtain on that claim
would be cumulative").

4.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/15
c:
Counsel of Record

4